1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GENARO CAMPOS, JR.,

                    Plaintiff,

    v.

SRIVASTAVA, et al.,

                  Defendants.

_____/

CASE NO.    1:10-cv-641-LJO-MJS (PC)

ORDER   DISMISSING   PLAINTIFFS'S COMPLAINT WITH LEAVE TO AMEND

(ECF No. 1)

THIRTY-DAY DEADLINE

Plaintiff Genaro Campos, Jr. ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on April 13, 2010.  (Compl., ECF No. 1.)  Plaintiff's Complaint is now before the Court for screening.

I.   **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff was formerly housed at Wasco State Prison-Reception Center ("WSP"), where the events underlying Plaintiff's claims occurred.  Plaintiff is no longer in custody. (ECF No. 9.)  Plaintiff brings this action alleging he was provided inadequate medical care in violation of the Eighth Amendment while at WSP.  Plaintiff names the following individuals as defendants: 1) Dr. Srivastava Pramod, 2) Dr. Zepp, 3) Director Dr. Michael Songer, and 4) Delano Regional Medical Center.

-2-

Plaintiff alleges as follows:

Plaintiff needed surgery on his hands due to severe bilateral carpal tunnel syndrome.  (Compl. at 3.)  Plaintiff had surgery on his left hand and index finger.  (Id.)  There were problems with the surgery.  (Id.)  Defendants Songer and Zepp were the individuals responsible for sending Plaintiff to Defendant Pramod.[1]  (Id.)  A Dr. Brian C. Brenner was originally supposed to perform the surgery on Plaintiff's hand.  (Id.)

Plaintiff asks for monetary compensation for his pain and suffering and for mental distress.  Plaintiff also asks that Defendant Pramod's medical license be revoked.  Finally, he asks that the Court order unnamed individuals at WSP to return his 602 appeals.

## III.   ANALYSIS

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94, 109 S. Ct. 1865 (1989).

To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

---

[1] It is unclear if Plaintiff saw Defendant Pramod before or after his surgery went awry, or if Defendant Pramod was the doctor who performed the surgery itself.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

### A.    Section 1983 Linkage Requirement

Plaintiff alleges claims against Defendants Songer, Zepp, Pramod, and Delano Regional Medical Center.  He has not, however,  linked any of these Defendants to any specific injury.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978).  Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 129 S.Ct. at 1948.  Since a government official cannot be held liable under a theory of vicarious liability in section 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions.  Id. at 1948.  In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff names several defendants in this action, but nowhere in the body of his complaint does he specify which, if any, of these Defendants engaged in what, if any, unconstitutional conduct.  He simply states that all the Defendants are responsible for

Plaintiff's surgical complications pain and suffering.

In order to state a claim against an individual officer or medical staff member, Plaintiff must allege facts that demonstrate that the individual defendant personally participated in and bears responsibility for the alleged violations. Jones, 297 F.3d at 934. In his amended complaint, Plaintiff must allege how each named Defendant personally participated in Plaintiff's alleged constitutional violations.  In the case of Defendant Delano Medical Center, he must show that his injuries resulted from a policy, decision or custom promulgated by Defendant Delano Medical Center.

**B.**    **Claims Against Defendants Zepp, Songer, and Pramod**

Plaintiff appears to alleges that medical personnel Defendants Zepp, Songer, and Pramod violated Plaintiff's Eighth Amendment rights by providing him with inadequate medical care in connection with the surgery performed on Plaintiff's carpal tunnel impairment.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285  (1976)).  The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Although the existence of a carpal tunnel condition requiring corrective surgery suggests the existence of a serious medical condition, Plaintiff has not clearly stated whether the alleged surgical problems related to that or some other condition. Plaintiff has not provided sufficient information to enable the Court to determine how the surgery went amiss and if it did, how it led to a serious medical complication. So the Court is unable at this juncture to say whether the first part of the two part test has been met.

Even if the first prerequisite exists, the Plaintiff must also show that defendants were deliberately indifferent to Plaintiff's medical needs.    To show deliberate indifference, Plaintiff must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994)).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. Cnty. of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff has failed to plead that these Defendants, or any of them, were deliberately indifferent to the risk of harm.  Plaintiff instead provides a very short summary of the incident and says t his carpal tunnel surgery went wrong.  In his amended complaint, Plaintiff must provide a short summary of relevant events leading up to the surgery, describe when the surgery was performed, what went wrong during the surgery, why it

went wrong, who performed the surgery, and what problems, if any, arose after the surgery.  Perhaps most importantly, to show deliberate indifference, Plaintiff must allege facts showing some purposeful act or failure to respond to a medical need.  It is not enough simply to allege that the surgery went "wrong" or even that a medical professional performed incorrectly, incompetently or committed medical malpractice.   "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990).

Plaintiff has not stated a claim for inadequate medical care under the Eighth Amendment, but he will be given leave to amend his claim.  In his amended complaint, Plaintiff must clearly allege what exactly went wrong during his surgery and his basis for alleging that one or more Defendants were deliberately indifferent to his serious medical condition.

## IV.    CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim.  Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights,

Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Plaintiff's Complaint, filed April 13, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: ____January 21, 2012____        ____/s/ *Michael J. Seng*____
ci4d6                                   UNITED STATES MAGISTRATE JUDGE

-8-