1
2
3
4
5
6            UNITED STATES DISTRICT COURT
7              EASTERN DISTRICT OF CALIFORNIA
8
9   GENARO CAMPOS, JR.,              CASE NO.   1:10-cv-641-LJO-MJS (PC)

10                                   FINDINGS AND RECOMMENDATION
                   Plaintiff,        RECOMMENDING DISMISSAL WITH
11                                   PREJUDICE OF PLAINTIFF'S FIRST
                                     AMENDED COMPLAINT FOR FAILURE TO
12    v.                             STATE A CLAIM
13
    SRIVASTAVA, et al.,              (ECF No. 11)
14
15                                   OBJECTIONS DUE WITHIN THIRTY DAYS
                   Defendants.
16  _____/
17
18         Plaintiff Genaro Campos, Jr. ("Plaintiff") is a former state prisoner proceeding pro
19  se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.
20         Plaintiff initiated this action on April 13, 2010.  (Am. Compl., ECF No. 1.)  No other
21  parties have appeared in this action.  In a January 23, 2012 Screening Order, the Court
22  dismissed Plaintiff's Complaint with leave to amend for failure to state a claim.  (ECF No.
23  10.)  Plaintiff filed a First Amended Complaint on February 27, 2012.  (ECF No. 11.)
24         Plaintiff's First Amended Complaint is now before the Court for screening.  For the
25  reasons set forth below, the Court finds that Plaintiff's First Amended Complaint also fails
26
27
                              -1-

to state a claim.

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

///

///

## II.   SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

It appears Plaintiff previously was housed at some unnamed California state prison.[1] Plaintiff is no longer in custody.  (ECF No. 9.)  He sues the following individuals for inadequate medical care under the Eighth Amendment: 1) Dr. Srivastava, a doctor/surgeon, and 2) Dr. Zepp, a state prison doctor.

Plaintiff asks that his hand be repaired, that Defendants cover his legal and medical costs, and that he be awarded $4.4 million in damages.

Plaintiff alleges as follows:

While incarcerated, Plaintiff suffered from painful carpal tunnel syndrome.[2]  (Am. Compl. at 3.)  At  some point during his treatment Defendant Zepp referred Plaintiff to a Doctor Brenner for a surgery consultation.  (Id.)  However, a Defendant Srivastava performed the surgery on Plaintiff's left hand, purportedly because he charged a lesser fee than Doctor Brenner.  (Id.)  Plaintiff noticed no improvement after surgery.  (Id.)  Defendant Zepp referred Plaintiff back to Defendant Srivastava for removal of the stitches in Plaintiff's hand, but Defendant Srivastava refused to see him.  (Id.)  Defendant Zepp sent Plaintiff to Doctor Brenner who simply sent Plaintiff back to Defendant Zepp.  (Id.)  Plaintiff's symptoms are the same as before surgery.  His hand needs to be examined to determine the damage inflicted by Defendant Srivastava.  (Id.)

///

---

[1]  Plaintiff's original Complaint suggested he had been housed at Wasco State Prison Reception Center.  (Compl., ECF No. 1 at 1.)  His First Amended Complaint does not indicate where the events underlying his claims occurred.

[2]  Plaintiff does not reflect any dates relevant to his allegations.

1

2

3

## III.   **ANALYSIS**

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94, 109 S. Ct. 1865 (1989).

To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

Plaintiff appears to be alleging that Defendants Zepp and Srivastava, medical personnel, violated Plaintiff's Eighth Amendment rights by providing him with inadequate medical care for his carpal tunnel impairment.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285 (1976)).  The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other

-4-

grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

The existence of a carpal tunnel condition requiring corrective surgery suggests the existence of a serious medical condition.  However, Plaintiff's suit does not arise out of the creation or existence of that condition, but rather with the way it was treated surgically. Plaintiff has not provided information that would enable the Court to determine if and how the surgery went amiss and, if it did, how that led to a serious medical complication.  As the Court noted in its original Screening Order, it cannot determine whether the first part of the two part test has been met.  Plaintiff was given one chance to amend and instructions as to what would be necessary to state a cognizable claim. He has failed to do so.[3]  It is reasonable to conclude that Plaintiff would not be able to adequately plead a serious medical condition even if given further opportunity to amend.

Even if Plaintiff had properly pled a serious medical condition, he has failed to allege sufficient facts to enable the Court to conclude Defendants were deliberately indifferent to Plaintiff's medical needs. To show deliberate indifference, Plaintiff must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also

---

[3] The Court notes Plaintiff's suggestion that he needs the relief he prays for here  to enable him to determine what went wrong with his surgery.  The Court is not able to provide that or any other relief unless and until Plaintiff states a cognizable claim.

1
2
3
4

draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. Cnty. of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

In this regard, Plaintiff alleges little more than that Defendants injured him in some manner because the originally recommended physician did not do the surgery and his hand was "still the same" after the surgery as it had been before surgery.  As Plaintiff previously was informed, to show deliberate indifference, he must describe some purposeful act or failure to respond to a medical need.  Plaintiff has no right to the surgeon of his choice.  "[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.'" Turner v. Greenman, 2011 WL 1343120, *3 (E.D. Cal. Apr. 7, 2011) (quoting Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Similarly, Plaintiff has no right to a guarantee of surgical success.  See, e.g., Stephenson v. Kaiser Found. Hospitals, 203 Cal.App.2d 631, 636, 21 Cal.Rptr. 646 (1962) ("[A] doctor is not a warrantor of cures or required to guarantee results.")  Thus, neither a failure to provide a particular physician or the failure of surgery to give the desired relief creates a deliberate indifference claim.

21
22
23
24
25
26
27

Accordingly, Plaintiff has failed to state a claim for inadequate medical care under the Eighth Amendment.  Despite having been given leave to amend and instruction as to how to amend to state a cognizable claim, Plaintiff still has not alleged facts that would support a claim that Defendants were deliberately indifferent to a serious medical condition. He complains only of a dissatisfaction with the choice of surgeon and the outcome of the surgery.  No useful purpose would be served in giving Plaintiff the same instruction and

opportunity to amend again.

**IV.    CONCLUSION AND RECOMMENDATION**

The Court finds that Plaintiff's First Amended Complaint fails to state any Section 1983 claims upon which relief may be granted against the named Defendants.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires."   In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).   However, in this action, Plaintiff has filed two complaints and received substantial guidance from the Court in its Screening Order.  (ECF Nos. 1, 10, & 11.)   Even after receiving the Court's guidance, Plaintiff failed to include additional facts to address the noted deficiencies.  Because of this, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore recommends that further leave to amend not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this action be DISMISSED in its entirety, WITH PREJUDICE, for failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United State District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file

1   objections within the specified time may waive the right to appeal the District Court's order.

2   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3

4
    IT IS SO ORDERED.
5

6   Dated:    March 28, 2012           /s/ Michael J. Seng

7                                      UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27